JOSHUA D.,

        Plaintiff,

vs.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

No.  C24-2056-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

## *I.      INTRODUCTION*

This matter is before me on a motion (Doc. 17) by plaintiff Joshua D. (the Claimant) for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  On March 19, 2026, I entered an order (Doc. 15) reversing and remanding the decision of the Commissioner of Social Security and entered judgment for the Claimant (Doc. 16).  On May 28, 2026, the Claimant moved (Doc. 17) for attorney fees in the amount of $6,179.18 for 23.9 hours of work and $405.00 in costs.  In support of his motion, the Claimant submitted a statement establishing his eligibility for EAJA fees (Doc. 17-1), a declaration from one of his attorneys outlining the attorneys' experiences (Doc. 17-2), another declaration that itemized his attorneys' services (Doc. 17-3) and proof of the change in the Consumer Price Index (Doc. 17-4).  The Commissioner does not object to the requested award.  Doc. 19.

## II.    DISCUSSION

### A.    Legal Standards

Attorney fees and other expenses may be awarded to a "prevailing party" in a Social Security appeal under the EAJA.  28 U.S.C. § 2412(d).  The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances."  *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding no special circumstances but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust").  The Eighth Circuit has, however, specifically addressed when a position is "substantially justified."  *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764–65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981–82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position.  The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see also Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified,

2

the [Commissioner] must show that [his or] her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))).

To obtain an EAJA award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). The deadline however is "ancillary to the judgment of a court" and not a jurisdictional prerequisite to an award. *Scarborough v. Principi*, 541 U.S. 401, 413–14 (2004). And because the 30-day deadline is designed to protect the Government's interest, the Commissioner may waive it. *See Vasquez v. Barnhart,* 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) ("[W]here . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the applicable statutory limit], enhanced fees should be awarded."). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Attorney fees awarded under EAJA are payable to the litigant, not directly to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 591–94 (2010).

**B.    *Analysis***

I find that the Claimant is a "prevailing party" and the Commissioner has not shown "substantial[] justifi[cation]" or "special circumstances" to preclude an award of

3

reasonable attorney fees. 28 U.S.C. § 2412(d)(1)(A). Indeed, the Commissioner has not opposed the Claimant's requested award. *See* Doc. 19. Still, the ultimate EAJA fee award must be reasonable, which falls within the district court's discretion to decide. *Johnson*, 919 F.2d at 505.

To that end, I find that the hourly rates of $251.84 in 2024, $258.46 in 2025 and $263.98 in 2026 are permissible under 28 U.S.C. § 2412(d)(2)(A)(ii),[1] and that the total hours logged (20.2 hours for Mr. Kappelman and 3.7 hours for Mr. Lander) are reasonable. Doc. 17-3. Thus, I find a $6,179.18 fee award to be appropriate. Reimbursement of $405.00 for the filing fee is also permissible under the statute.

### III.    CONCLUSION

Based on the foregoing, the Claimant's motion (Doc. 17) for attorney fees under the EAJA is **granted**. The Claimant is hereby awarded **$6,179.18** in attorney fees to be paid by the Social Security Administration, plus **$405.00** in costs to be paid from the Judgment Fund. The award is to be made payable to the Claimant and may be subject to offset to satisfy any pre-existing debt the Claimant owes to the United States. The payment may be mailed to the Claimant's attorney, Wes Kappelman, at Kappelman Law Firm.

**IT IS SO ORDERED** this 16th day of June, 2026.

_____
Leonard T. Strand
United States District Judge

---

[1] The Claimant has demonstrated that an increase in the cost of living justifies an hourly rate exceeding $125. Doc. 17-4.